# Exhibit H

*Loan Documents*
*and Deed of Trust*
*Loan #5984451907*

Entry #: 00212936 B: 692 P: 384
01/27/2021 12:43 PM
Page: 1 of 15
FEE: $78.00 BY: FIRST AMERICAN - DELTA
Sierra Dickens, Millard County Recorder

Tax Serial Number:
2924, 2925-2, 2926, 2927, 2928, 3059-2, 3059-2-1, 3061-3, 3073-1, MA-2904-1, MA-2905, MA-2907, MA-3055, MA-3055-A, MA-3059, MA-3061-1, MA-3061-1-1

**RECORDATION REQUESTED BY:**
ROCK CANYON BANK
Ag Department
215 W 2230 N
Provo, UT 84604

**WHEN RECORDED MAIL TO:**
ROCK CANYON BANK
Ag Department
215 W 2230 N
Provo, UT 84604

Josh Nelson 9/14/2021

FOR RECORDER'S USE ONLY

*000000005984451907034001222021*

# REVOLVING CREDIT DEED OF TRUST

**THIS DEED OF TRUST is dated January 22, 2021, among SINKS LAND, LLC, AS TO PARCELS 1, 2, 3, 4, 5, 6,10,11,12,13,15 AND 17 AND FINLINSON LAND AND LIVESTOCK, LLC, A UTAH LIMITED LIABALITY COMPANY, AS TO PARCEL 7, 8, 9, 14,16, whose address is 215 N 100 W, Oak City, UT 84649-7701 ("Trustor"); ROCK CANYON BANK, whose address is Ag Department, 215 W 2230 N, Provo, UT 84604 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and (referred to below as "Trustee").**

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor irrevocably grants and conveys to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in MILLARD County, State of Utah:**

**EXHIBIT "A"**

**TOGETHER WITH ALL WATER RIGHTS OF EVERY KIND AND NATURE NOW OWNED OR HEREINAFTER ACQUIRED APPURTENANT THERETO INCLUDING BUT NOT LIMITED TO**

This document has been recorded electronically
Entry# 212936 Date 1-27-21

Tax Serial Number:
2924, 2925-2, 2926, 2927, 2928, 3059-2, 3059-2-1, 3061-3, 3073-1, MA-2904-1, MA-2905, MA-2907, MA-3055, MA-3055-A, MA-3059, MA-3061-1, MA-3061-1-1

RECORDATION REQUESTED BY:
ROCK CANYON BANK
Ag Department
215 W 2230 N
Provo, UT 84604

WHEN RECORDED MAIL TO:
ROCK CANYON BANK
Ag Department
215 W 2230 N
Provo, UT 84604

FOR RECORDER'S USE ONLY

*000000005984451907034001222021*

# REVOLVING CREDIT DEED OF TRUST

**THIS DEED OF TRUST is dated January 22, 2021, among SINKS LAND, LLC, AS TO PARCELS 1, 2, 3, 4, 5, 6,10,11,12,13,15 AND 17 AND FINLINSON LAND AND LIVESTOCK, LLC, A UTAH LIMITED LIABALITY COMPANY, AS TO PARCEL 7, 8, 9, 14,16, whose address is 215 N 100 W, Oak City, UT 84649-7701 ("Trustor"); ROCK CANYON BANK, whose address is Ag Department, 215 W 2230 N, Provo, UT 84604 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and (referred to below as "Trustee").**

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor irrevocably grants and conveys to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in MILLARD County, State of Utah:**

**EXHIBIT "A"**

**TOGETHER WITH ALL WATER RIGHTS OF EVERY KIND AND NATURE NOW OWNED OR HEREINAFTER ACQUIRED APPURTENANT THERETO INCLUDING BUT NOT LIMITED TO**

**WATER RIGHT NUMBERS: #68-741, #68-1704 AND #68-2269, STATE OF UTAH**

The Real Property or its address is commonly known as VACANT LAND, OAK CITY, UT 84624. The Real Property tax identification number is 2924, 2925-2, 2926, 2927, 2928, 3059-2, 3059-2-1, 3061-3, 3073-1, MA-2904-1, MA-2905, MA-2907, MA-3055, MA-3055-A, MA-3059, MA-3061-1, MA-3061-1-1 .

**REVOLVING LINE OF CREDIT. This Deed of Trust secures the Indebtedness including, without limitation, a revolving line of credit, which obligates Lender to make advances to Borrower so long as Borrower complies with all the terms of the Note.**

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**TRUSTOR'S REPRESENTATIONS AND WARRANTIES.** Trustor warrants that: (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender; (b) Trustor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Trustor and do not result in a violation of any law, regulation, court decree or order applicable to Trustor; (d) Trustor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Trustor about Borrower (including without limitation the creditworthiness of Borrower).

**TRUSTOR'S WAIVERS.** Trustor waives all rights or defenses arising by reason of any "one action" or "anti-deficiency" law, or any other law which may prevent Lender from bringing any action against Trustor, including a claim for deficiency to the extent Lender is otherwise entitled to a claim for deficiency, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower shall pay to Lender all Indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Trustor shall perform all their respective obligations under the Note, this Deed of Trust, and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Trustor agree that Borrower's and Trustor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until Default, Trustor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property. The following provisions relate to the use of the Property or to other limitations on the Property. This instrument is a Trust Deed executed in conformity with the Utah Trust Deed Act, UCA 57-1-19, et seq.

**Duty to Maintain.** Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Trustor represents and warrants to Lender that: (1) During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person. The representations and warranties contained herein are based on Trustor's due diligence in

investigating the Property for Hazardous Substances. Trustor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Trustor agrees neither to abandon or leave unattended the Property. Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Trustor shall pay when due (and in all events prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due, except for the Existing Indebtedness referred to below, and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and reasonable attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials and the cost exceeds $1,000.00. Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of

Trust.

**Maintenance of Insurance.** Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a fair value basis for the full insurable value covering all improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may reasonably require. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person. Should the Real Property be located in an area designated by the Administrator of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain flood insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan. Flood insurance may be purchased under the National Flood Insurance Program, from private insurers providing "private flood insurance" as defined by applicable federal flood insurance statutes and regulations, or from another flood insurance provider that is both acceptable to Lender in its sole discretion and permitted by applicable federal flood insurance statutes and regulations.

**Application of Proceeds.** Trustor shall promptly notify Lender of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $1,000.00. Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.** Upon request of Lender, however not more than once a year, Trustor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Trustor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Trustor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Trustor warrants that: (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection

with this Deed of Trust, and (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Borrower's Indebtedness shall be paid in full.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any proceeding in condemnation is filed, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to defend the action and obtain the award. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as Default, and Lender may exercise any or all of its available remedies for Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Trustor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Trustor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and

Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Trustor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust on the Property, whether now owned or hereafter acquired by Trustor. Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Borrower and Trustor pay all the Indebtedness, including without limitation all future advances, when due, and Trustor otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Any reconveyance fee required by law shall be paid by Trustor, if permitted by applicable law.

**DEFAULT.** Default will occur if payment of the Indebtedness in full is not made immediately upon demand.

**RIGHTS AND REMEDIES ON DEFAULT.** If Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Borrower or Trustor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Borrower would be required to pay.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. Trustor hereby waives any requirement that the receiver be impartial and

disinterested as to all of the parties and agrees that employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Borrower or Trustor, Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity.

**Notice of Sale.** Lender shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of MILLARD County, State of Utah. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**NOTICES.** Unless otherwise provided by applicable law, any notice required to be given under this Deed of Trust or required by law, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered in accordance with the law or with this Deed of Trust, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if

mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Notwithstanding any other provision of this Deed of Trust, all notices given under Utah Code Ann. Section 57-1-26 shall be given as required therein. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided by applicable law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Trustor's residence, Trustor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Trustor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law. This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Utah without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of Utah.**

**Joint and Several Liability.** All obligations of Borrower and Trustor under this Deed of Trust shall be joint and several, and all references to Trustor shall mean each and every Trustor, and all references to Borrower shall mean each and every Borrower. This means that each Trustor signing below is responsible for all obligations in this Deed of Trust. Where any one or more of the parties is a corporation, partnership, limited liability company or similar entity, it is not necessary for Lender to inquire into the powers of any of the officers, directors, partners, members, or other agents acting or purporting to act on the entity's behalf, and any obligations made or created in reliance upon the professed exercise of such powers shall be guaranteed under this Deed of Trust.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Trustor, shall constitute a waiver of any of Lender's rights or of any of Trustor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any person or circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other person or circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waiver of Homestead Exemption.** Trustor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Utah as to all Indebtedness secured by this Deed of Trust.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means ROCK CANYON BANK, and its successors and assigns.

**Borrower.** The word "Borrower" means VANCE J FINLINSON and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of this Deed of Trust.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Lender.** The word "Lender" means ROCK CANYON BANK, its successors and assigns.

**Note.** The word "Note" means the promissory note dated January 22, 2021, **in the original principal amount of $200,000.00** from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. **NOTICE TO TRUSTOR: THE NOTE CONTAINS A VARIABLE INTEREST RATE.**

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness; except that the words do not mean any guaranty or environmental agreement, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and

other benefits derived from the Property.

**Trustor.** The word "Trustor" means SINKS LAND, LLC; and FINLINSON LAND AND LIVESTOCK, LLC.

**EACH TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH TRUSTOR AGREES TO ITS TERMS.**

**TRUSTOR:**

**SINKS LAND, LLC**

By: ______________________
VANCE FINLINSON, Member of SINKS LAND, LLC

**FINLINSON LAND AND LIVESTOCK, LLC**

By: ______________________
HEBER FINLINSON, Manager of FINLINSON LAND AND LIVESTOCK, LLC

By: ______________________
MATTHEW C FINLINSON, Manager of FINLINSON LAND AND LIVESTOCK, LLC

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF Utah )
) SS
COUNTY OF Utah )

HAZE OSBORN
NOTARY PUBLIC-STATE OF UTAH
COMMISSION# 705524
COMM. EXP. 04-02-2023

On this 26 day of January, 20 21, before me, the undersigned Notary Public, personally appeared VANCE FINLINSON, Member of SINKS LAND, LLC, and known to me to be a member or designated agent of the limited liability company that executed the Deed of Trust and acknowledged the Deed of Trust to be the free and voluntary act and deed of the limited liability company, by authority of statute, its articles of organization or its operating agreement, for the uses and purposes therein mentioned, and on oath stated that he or she is authorized to execute this Deed of Trust and in fact executed the Deed of Trust on behalf of the limited liability company.

By ______________________ Residing at Utah

Notary Public in and for the State of UT My commission expires 4-2-23

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF Utah )
) SS
COUNTY OF Utah )

HAZE OSBORN
NOTARY PUBLIC-STATE OF UTAH
COMMISSION# 705524
COMM. EXP. 04-02-2023

On this 26 day of January, 20 21, before me, the undersigned Notary Public, personally appeared **HEBER FINLINSON, Manager of FINLINSON LAND AND LIVESTOCK, LLC and MATTHEW C FINLINSON, Manager of FINLINSON LAND AND LIVESTOCK, LLC**, and known to me to be members or designated agents of the limited liability company that executed the Deed of Trust and acknowledged the Deed of Trust to be the free and voluntary act and deed of the limited liability company, by authority of statute, its articles of organization or its operating agreement, for the uses and purposes therein mentioned, and on oath stated that they are authorized to execute this Deed of Trust and in fact executed the Deed of Trust on behalf of the limited liability company.

By [signature] Residing at Utah

Notary Public in and for the State of UT My commission expires 4-2-23

## REQUEST FOR FULL RECONVEYANCE

(To be used only when obligations have been paid in full)

To: ______________________, Trustee

The undersigned is the legal owner and holder of all Indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

______________________________________.

Date: ______________________ Beneficiary: ______________________

By: ______________________

Its: ______________________

EXHIBIT "A"

**Description**

The land referred to in this report is situated in the County of Millard, State of UT, and is described as follows:

PARCEL 1:

BEGINNING AT THE SOUTHWEST CORNER OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN; THENCE NORTH 80 RODS; THENCE EAST 50 RODS; THENCE SOUTH 13 RODS; THENCE SOUTH 18°30' EAST 69 RODS; THENCE WEST 69 RODS TO THE POINT OF BEGINNING.

FOR REFERENCE ONLY - APN: 2924

PARCEL 2:

BEGINNING AT THE NORTHEAST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN; THENCE WEST 80 RODS; THENCE SOUTH 80 RODS; THENCE EAST 47 RODS; THENCE NORTHEASTERLY TO THE POINT OF BEGINNING.

FOR REFERENCE ONLY - APN: 2925-2

PARCEL 3:

THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN. ALSO BEGINNING AT THE NORTHEAST CORNER OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SAID SECTION 18; THENCE SOUTH 1320 FEET; THENCE EAST 167 FEET; THENCE NORTHEASTERLY 1407 FEET; THENCE WEST 829 FEET TO THE POINT OF BEGINNING.

LESS: BEGINNING 1660 FEET SOUTH AND 1630 FEET EAST OF THE NORTHWEST CORNER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN; THENCE NORTH 24 RODS; THENCE EAST 18 RODS; THENCE SOUTHWESTERLY PARALLEL TO THE WEST BANK OF THE CANAL TO A POINT 16 RODS EAST OF THE POINT OF BEGINNING; THENCE 16 RODS WEST TO BEGINNING.

FOR REFERENCE ONLY - APN: 2926

PARCEL 4:

LOT 1, SECTION 18, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN.

FOR REFERENCE ONLY - APN: 2927

PARCEL 5:

THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN.

LESS: BEGINNING 1275 FEET SOUTH AND 1800 FEET EAST OF THE NORTHWEST CORNER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN; THENCE NORTH 24 RODS; THENCE EAST 18 RODS; THENCE SOUTHWESTERLY ALONG THE WEST BANK OF THE CANAL TO A POINT 16 RODS EAST OF THE POINT BEGINNING; THENCE 16 RODS WEST TO BEGINNING.

LESS: BEGINNING 1660 FEET SOUTH AND 1630 FEET EAST OF THE NORTHWEST CORNER OF SECTION

18, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN; THENCE NORTH 24 RODS; THENCE EAST 18 RODS; THENCE SOUTHWESTERLY PARALLEL TO THE WEST BANK OF THE CANAL TO A POINT 16 RODS EAST OF THE POINT OF BEGINNING; THENCE WEST 16 RODS TO BEGINNING.

FOR REFERENCE ONLY - APN: 2928

PARCEL 6:

THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 13, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

FOR REFERENCE ONLY - APN: 3059-2

PARCEL 7:

THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION 13, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

LESS: BEGINNING 1426 FEET NORTH AND APPROXIMATELY 2096 FEET WEST OF THE SOUTHEAST CORNER OF SAID SECTION 13; THENCE WEST 100 FEET; THENCE NORTH 100 FEET; THENCE EAST 100 FEET; THENCE SOUTH 100 FEET TO THE POINT OF BEGINNING.

FOR REFERENCE ONLY - APN: 3059-2-1

PARCEL 8:

THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 13, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

FOR REFERENCE ONLY - APN: 3061-3

PARCEL 9:

BEGINNING 776 FEET WEST OF THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 24, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; THENCE WEST 544 FEET; THENCE NORTH 80 RODS; THENCE EAST 80 RODS; THENCE SOUTH 80 RODS; THENCE NORTHWESTERLY 475 FEET; THENCE SOUTHWESTERLY 677 FEET TO THE POINT OF BEGINNING.

FOR REFERENCE ONLY - APN: 3073-1

PARCEL 10:

BEGINNING AT THE SOUTHWEST CORNER OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN; THENCE NORTH 20 CHAINS; THENCE EAST 1.30 CHAINS; THENCE SOUTH 24°52' EAST 7 CHAINS; THENCE SOUTH 49°30' EAST 9 CHAINS; THENCE SOUTH 2°35' WEST 7.80 CHAINS; THENCE WEST 10.80 CHAINS TO THE POINT OF BEGINNING.

FOR REFERENCE ONLY - APN: MA-2904-1

PARCEL 11:

BEGINNING AT THE SOUTHWEST CORNER OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN; THENCE EAST 80 RODS; THENCE NORTH 26 2/3 RODS; THENCE WEST 80 RODS; THENCE SOUTH 26 2/3 RODS TO THE POINT OF BEGINNING.

FOR REFERENCE ONLY - APN: MA-2905

PARCEL 12:

LOT 4, SECTION 7, TOWNSHIP 16 SOUTH, RANGE 4 WEST, SALT LAKE BASE AND MERIDIAN.

FOR REFERENCE ONLY - APN: MA-2907

PARCEL 13:

THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 12, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

FOR REFERENCE ONLY - APN: MA-3055

PARCEL 14:

THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 12, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

FOR REFERENCE ONLY - APN: MA-3055-A

PARCEL 15:

THE EAST HALF OF THE NORTHEAST QUARTER AND THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 13, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

LESS AND EXCEPTING THEREFROM THE FOLLOWING DESCRIBED TRACT OF LAND:

BEGINNING AT A POINT NORTH 46.00 FEET FROM THE SOUTHWEST CORNER OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 13, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN, TO A 1274.00 FEET RADIUS CURVE TO THE LEFT; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE A DISTANCE 2016.10 FEET (CORD BEARS N45°35'06"E 1812.53 FEET) TO THE INTERSECTION WITH A 1320.00 FEET RADIUS CURVE TO THE LEFT; THENCE SOUTHEASTERLY ALONG THE ARC OF SAID CURVE A DISTANCE OF 2139.50 FEET (CHORD BEARS S46°00'21"E 1912.875 FEET) TO THE EAST BOUNDARY OF THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER SAID SECTION 13; THENCE SOUTH 70.64 FEET TO THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SAID SECTION 13 AND THE INTERSECTION WITH A 1320.00 FEET RADIUS CURVE TO THE LEFT; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE A DISTANCE OF 2144.21 FEET (CHORD BEARS S53°55'14"W 1916.12 FEET); THENCE NORTH 59°07'11" WEST 1307.56 FEET TO THE WEST BOUNDARY OF SW1/4 OF THE NE1/4 SAID SECTION 13; THENCE NORTH 588.11 FEET TO POINT OF BEGINNING.

FOR REFERENCE ONLY- APN: A PORTION OF MA-3059

PARCEL 16:

THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER AND THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 13, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

LESS AND EXCEPTING THEREFROM THE FOLLOWING DESCRIBED TRACT OF LAND:
BEGINNING AT A POINT NORTH 46.00 FEET FROM THE SOUTHWEST CORNER OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 13, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN, TO A 1274.00 FEET RADIUS CURVE TO THE LEFT; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE A DISTANCE 2016.10 FEET (CORD BEARS N45°35'06"E 1812.53 FEET) TO THE INTERSECTION WITH A 1320.00 FEET RADIUS CURVE TO THE LEFT; THENCE SOUTHEASTERLY ALONG THE ARC OF SAID CURVE A DISTANCE OF 2139.50 FEET (CHORD BEARS S46°00'21"E 1912.875 FEET) TO THE EAST BOUNDARY OF THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER SAID SECTION 13; THENCE SOUTH 70.64 FEET TO THE NORTHEAST

CORNER OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SAID SECTION 13 AND THE INTERSECTION WITH A 1320.00 FEET RADIUS CURVE TO THE LEFT; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE A DISTANCE OF 2144.21 FEET (CHORD BEARS S53°55'14"W 1916.12 FEET); THENCE NORTH 59°07'11" WEST 1307.56 FEET TO THE WEST BOUNDARY OF SW1/4 OF THE NE1/4 SAID SECTION 13; THENCE NORTH 588.11 FEET TO POINT OF BEGINNING.

FOR REFERENCE ONLY - APN: MA-3061-1

PARCEL 17:

BEGINNING AT A POINT NORTH 46.00 FEET FROM THE SOUTHWEST CORNER OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 13, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN, TO A 1274.00 FEET RADIUS CURVE TO THE LEFT; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE A DISTANCE 2016.10 FEET (CORD BEARS N45°35'06"E 1812.53 FEET) TO THE INTERSECTION WITH A 1320.00 FEET RADIUS CURVE TO THE LEFT; THENCE SOUTHEASTERLY ALONG THE ARC OF SAID CURVE A DISTANCE OF 2139.50 FEET (CHORD BEARS S46°00'21"E 1912.875 FEET) TO THE EAST BOUNDARY OF THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER SAID SECTION 13; THENCE SOUTH 70.64 FEET TO THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SAID SECTION 13 AND THE INTERSECTION WITH A 1320.00 FEET RADIUS CURVE TO THE LEFT; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE A DISTANCE OF 2144.21 FEET (CHORD BEARS S53°55'14"W 1916.12 FEET); THENCE NORTH 59°07'11" WEST 1307.56 FEET TO THE WEST BOUNDARY OF SW1/4 OF THE NE1/4 SAID SECTION 13; THENCE NORTH 588.11 FEET TO POINT OF BEGINNING.

FOR REFERENCE ONLY - APN: MA-3061-1-1

Said property is also known by the street address of:
Agricultural Ground, Delta, UT 84624