# Exhibit J

*Pari Passu Agreement*

## PARI PASSU AGREEMENT

THIS AGREEMENT entered this 5th day of October 2018 by and between ROCK CANYON BANK (hereinafter "Rock Canyon/FSA"), whose address is 226 West 2230 North, Provo, UT 84604, and ROCK CANYON BANK (hereinafter "Rock Canyon/SBA"), whose address is 226 West 2230 North, Provo, UT 84604 (Rock Canyon/FSA and Rock Canyon/SBA sometimes referred to individually or collectively as "Lender"). Note that FSA is an acronym for Farm Service Agency and SBA for Small Business Administration.

**WITNESSETH:**

WHEREAS, Finlinson Land and Livestock, LLC ("Borrower") has or will purchase land and improvements referred herein as 3 Creek Ranch (located in Sevier County) consisting of 772 acres and River Ranch (located in Juab and Millard Counties) consisting of 3,616 acres, said property with improvements being more particularly described in Exhibit "A" ("Property") attached hereto and made a part hereof by this reference. Note that this project is to purchase both farms that will be occupied and operated by Finlinson Land and Livestock, LLC.

WHEREAS, said purchase of the Properties is being funded by loans as follows:

1. A FSA loan ("Rock Canyon/FSA Loan") from Rock Canyon/FSA to Borrower in the original principal amount of One million three hundred thousand ninety-nine dollars and no/100 ($1,399,000.00) secured by a first lien on the Property (the "FSA Collateral");
2. An SBA 7a loan ("Rock Canyon/SBA Loan") from Rock Canyon/SBA to the Borrower in the original principal amount of Two million two hundred eighty-six thousand dollars and no/100 Dollars ($2,286,000.00) secured by a first lien position on the Property (the "SBA Collateral");

WHEREAS, each note to Rock Canyon/FSA and Rock Canyon/SBA is pari passu with the other and as security for their respective loans, Rock Canyon/FSA and Rock Canyon/SBA have each agreed to accept separate and proportionally co-equal liens on the Property (collectively the "Collateral"), subject to the terms and conditions set forth below, and;

WHEREAS, Rock Canyon/FSA and Rock Canyon/SBA desire to set forth herein the terms applicable to their interests in the Collateral including a method of handling Owner and/or Borrower's default on the lien instruments or notes, foreclosure of the liens and liquidation of the Collateral.

NOW THEREFORE, IT IS AGREED BY THE LENDERS AS FOLLOWS:

1. Subject to the terms of the Conditional Commitment and that certain Loan Agreement, Rock Canyon/FSA shall lend Borrower the sum of One Million three hundred thousand ninety-nine and No/100 Dollars ($1,399,000.00), ninety percent (90%) of which is guaranteed by FSA, to be evidenced by Borrower's Note therefore with interest thereon at an initial per annum rate of (7.50%).
2. Subject to the terms of the SBA Authorization ("Loan Authorization") dated September 27, 2018 and Loan Agreement dated October 5, 2018 and being SBA Loan Number 29854570-03, Rock Canyon/SBA shall lend Borrower the sum of Two million two hundred eighty-six thousand dollars and no/100 Dollars ($2,286,000.00), seventy five percent (75%) of which is guaranteed

DOC # 00406627
Agreements B: 0744 P: 1035 Sevier County Recorder Page 1 of 14
Carolyn M. Bagley
10/10/2018 11:52:22 AMFee $57.00By FIRST AMERICAN TITL

by SBA, to be evidenced by Borrower's Note therefore with interest thereon at an initial per annum rate of (7.25%).

3. The Rock Canyon /FSA loan shall be secured by a Deed of Trust in the amount of $1,399,000.00, and the Rock Canyon/SBA loan shall be secured by a Deed of Trust in the amount of $2,286,000.00 It is the intention of the Lenders that Rock Canyon/FSA and Rock Canyon/SBA shall share a co-equal first lien position on the Collateral in the proportion that the outstanding balance on each note bears to the joint indebtedness.
4. The Rock Canyon/FSA loan includes a cross default provision with respect to the Rock Canyon/SBA loan. The Rock Canyon/SBA loan includes a cross default provision with respect to the Rock Canyon/FSA loan.
5. Each Lender agrees to give the other written notice of default within 30 days of default on its loan.
6. Each Lender represents to the other that its note or loan documents DO NOT include the following:
   a. A provision to allow future advances except advances made for the reasonable costs of collection, maintenance, and protection of Lender's shared lien.
   b. A provision that permits the loan to be cross-collateralized with other non-SBA financing provided by the lender to Borrower.
   c. A provision that permits either Lender to make demand on the loan for reasons other than default.
7. In the event that the Borrower defaults with respect to its obligations to either Rock Canyon/FSA or Rock Canyon/SBA, Rock Canyon/SBA, after sixty (60) days written notice to Rock Canyon/FSA, shall be entitled to assume responsibility for enforcement of the rights and privileges of the Rock Canyon/SBA and Rock Canyon/FSA under the terms of the promissory notes, mortgages, security agreement or other instruments between the parties or under applicable law, including a judicial or non-judicial foreclosure action or the appointment of a receiver. Any such action taken by Rock Canyon/SBA shall be in the joint name and for the joint benefit of Rock Canyon/FSA and Rock Canyon/SBA, and Rock Canyon/FSA authorizes Rock Canyon/SBA to take such action, but Rock Canyon/SBA shall be entitled to do so, upon giving prompt notice to Rock Canyon/FSA of any action taken in Rock Canyon/FSA's name. In so proceeding, Rock Canyon/SBA shall act in accordance with the manner in which it would exercise its business discretion as if such instruments were held for its sole benefits, and shall use reasonable prudence and judgment in exercising such remedies; provided, however, that Rock Canyon/SBA shall not be liable to Rock Canyon/FSA for any action taken or omitted to be taken in good faith or for the consequences of any oversight or error of judgment, but shall only be answerable for its gross negligence of willful misconduct, as the case may be. In the event Rock Canyon/SBA shall fail to promptly pursue such rights and remedies in its own name and on behalf of Rock Canyon/FSA, or should it otherwise decline to do so, then Rock Canyon/FSA shall be entitled to pursue such remedies in its name and that of Rock Canyon/SBA, and Rock Canyon/SBA authorizes Rock Canyon/FSA to so proceed in their name, in which event its rights and duties shall be as provided above with respect to Rock Canyon/SBA.

   In the event the Property is sold by non-judicial sale in accordance with the terms of this paragraph 7, then the Lender advertising and conducting the non-judicial foreclosure action shall determine the amount to be bid by the Lenders at the foreclosure sale, which bid, if the high bid at such sale, shall be the liability of the parties in the same proportion as they share in the distribution of the proceeds of the sale, as set forth hereinafter, and the parties shall acquire and hold title to such property jointly and in that same proportion; provided, however, that in

the absence of the written agreement of Rock Canyon/FSA and Rock Canyon/SBA, the bid of the Lenders at such non-judicial foreclosure sale shall not exceed the principal balance and accrued interest of the loans which are the subject of this agreement at the time of the foreclosure.

In the event either Lender is entitled to initiate a judicial foreclosure proceeding, then the other Lender shall join as co-plaintiffs, and upon their failure to do so they shall be jointed as a party defendant.

Upon the sale or other disposition of the Property which secures the indebtedness that is the subject of this agreement, each Lender shall receive, after the costs of liquidation and any advances have been paid, a pro rata fraction of net proceeds whereby the numerator is equal to the outstanding principal balance of its loan (as of the date of sale or disposition), together with accrued interest and attorneys' fees and the denominator of which is equal to the sum of the combined principal balances of the Rock Canyon/FSA loan and the Rock Canyon/SBA loan, together with accrued interest and attorneys' fees (the "Distribution Formula"). Cost of liquidation shall include actual and reasonable attorneys' fees of the Lender, appraisal costs, and all costs associated with the filing of any judicial or non-judicial foreclosure proceeding. Advances include monies that are reasonably necessary for the protection or maintenance of the collateral, required insurance coverage, or real estate taxes.

In the event of any voluntary or involuntary bankruptcy or other insolvency proceedings brought by or against Borrower, Rock Canyon/FSA and Rock Canyon/SBA agree that either party seeking relief from the automatic stay in bankruptcy or from such insolvency proceedings in authorized to request in its own name and the name of the other the granting such relief.

In the event the Lenders receive a deed to the Property in lieu of foreclosure, or the Lenders choose a judicial foreclosure proceeding, the remedies of the Lenders are the same as stated herein.

8. Neither Lender shall amend or modify its note or the Security Instruments without prior written consent of the other Lender, if the effect of such amendment or modification is to increase the amount of indebtedness secured.

9. The Lenders agree that notwithstanding any provision to the contrary in any note, mortgage or security agreement between the parties herein, a default by the Borrower under the provision of any such instrument to either Lender which is not cured within the time provided by such instrument, shall cause a default in the obligations of the Borrower to the other Lenders. Each Lender agrees to give the other Lenders notice of any default on its obligation at least sixty (60) days before any action is taken. Notice under this agreement shall be directed to the Lenders at their respective addresses above stated. Notwithstanding the foregoing, written notice shall be given by any Lender which has suffered a monetary default by the Borrower to the other Lender, within fifteen (15) days after the due date and written notice shall be given by any Lender which has suffered a non-monetary default by the Borrower to the other Lender, within thirty (30) days after such default.

10. Notwithstanding anything to the contrary contained in the Rock Canyon/FSA note or related documents and notwithstanding anything to the contrary contained in the Rock Canyon/SBA note or related documents, it is expressly agreed by the Lenders that all rights and authority of

Rock Canyon/FSA and Rock Canyon/SBA to distribution and application of condemnation proceeds or insurance proceeds under the collateral documents be on a pro rata basis and in conformance with the Distribution Formula. Notwithstanding anything to the contrary contained in any of the aforementioned documents, it is expressly agreed between the Lenders that the net proceeds of any insurance claim and/or sale or other disposition of the Collateral shall be applied first to defray the costs of liquidation and any advances, subject to paragraph 7 above. The net proceeds after deduction for advances shall be paid to the Lenders in accordance with the Distribution Formula.

11. All notices, requests, demands or corrections provided for hereunder shall be mailed to the applicable Lender at its address indicated above or to such other address as shall be designated by such Lender in writing. All notices, requests, demands or corrections and other communications shall be effective when deposited in the mail if sent by certified mail, return receipt requested.

12. Neither Rock Canyon/FSA nor Rock Canyon/SBA shall sell, pledge assign or otherwise transfer, in whole or in part, their rights or obligations under their respective lien instruments or note unless such purchaser acknowledges the existence of and acceptance of the terms and conditions of this Agreement and agrees to be bound thereto. Each Lender hereby acknowledges that the other Lender has the right to sell its guaranteed portion of its loan, to an investor in the secondary market. Each Lender agrees to notify the other of any transfer or assignment within thirty (30) days of the transfer or assignment.

13. All Lenders agree that any other loan, financing or extension of credit from any one of the Lenders to the Borrower shall not be secured, in any way, by the Collateral defined herein, or be the cause of an event of default under either the Rock Canyon/FSA or Rock Canyon/SBA loans.

14. This Agreement shall be binding upon and shall insure to the benefit of the Lenders, their successors and assigns. It is not intended that the Borrowers or any third party be entitled to take advantage of the failure of either of the Lenders to perform any term, covenant or condition of this Agreement.

15. Each Lender makes no representations or warranties to the other, express or implied, with respect to the existing or future solvency or financial worth or responsibility of the Borrower.

16. Each of the Lenders represents and warrants to the other Lenders that its decision to enter into this Agreement and to make its respective loan to the Borrower was made on the basis of its own credit judgment and that, in making such decision, it did not rely upon any representation by the other Lenders as to the credit worthiness or financial condition of the Borrower or financial worth of the Collateral.

17. This Agreement shall be governed by the laws of the State of Utah and the laws of the United States, unless there is a conflict with Federal law, in which case Federal law will govern, and may be amended or modified only by an agreement in writing signed by the Lenders.

In the event that SBA exercises its right of redemption pursuant to 28 U.S.C. Section 2410, SBA shall share with Rock Canyon pro rata any monetary benefits derived from this right.

18. Any provision of this Agreement, which is prohibited or unenforceable, shall be ineffective to the extent of such prohibition or unenforceability with invalidating the remaining provisions hereof.

19. This Agreement may be executed in several counterparts, which taken together shall constitute the Agreement.

20. All court actions initiated by either party hereto shall be commenced in the appropriate Federal District Court unless otherwise agreed by the parties.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed and delivered on the day and year first above written.

**[SIGNATURES ON FOLLOWING PAGES]**

DOC # 00406627
Agreements B: 0744 P: 1039
Carolyn M. Bagley Sevier County Recorder Page 5 of 14
10/10/2018 11:52:22 AMFee $57.00By FIRST AMERICAN TITL

PARI PASSU AGREEMENT SIGNATURE PAGE

**Rock Canyon/FSA**
ROCK CANYON BANK

By: [signature]
Title: SVP

State of Utah
County of Utah

Before me, Tina Ackroyd on this day personally appeared Dan Bennett, known to me to be the person whose name is subscribed to the foregoing instrument, and known to me to be the SVP of ROCK CANYON BANK, and acknowledged to me that he/she executed said instrument for the purposes and consideration therein expressed, and as the act of said company.

Given under my hand and seal of office this 5 day of October, 2018.

[SEAL] TINA ACKROYD
NOTARY PUBLIC-STATE OF UTAH
COMMISSION# 700183
COMM. EXP. 05-06-2022

Tina Ackroyd
Notary Public
My commission Expires: 5·6·2022

**Rock Canyon/SBA**
ROCK CANYON BANK

By: [signature]
Title: SVP

State of Utah
County of Utah

Before me, Tina Ackroyd on this day personally appeared Dan Bennett, known to me to be the person whose name is subscribed to the foregoing instrument, and known to me to be the SVP of ROCK CANYON BANK, and acknowledged to me that he/she executed said instrument for the purposes and consideration therein expressed, and as the act of said company.

Given under my hand and seal of office this 5 day of Oct., 2018.

Tina Ackroyd
Notary Public
My commission Expires: 5·6·2022

[SEAL] TINA ACKROYD
NOTARY PUBLIC-STATE OF UTAH
COMMISSION# 700183
COMM. EXP. 05-06-2022

DOC # 00406627
Agreements B: 0744 P: 1040
Carolyn M. Bagley Sevier County Recorder Page 6 of 14
10/10/2018 11:52:22 AMFee $57.00By FIRST AMERICAN TITL

**PARI PASSU AGREEMENT SIGNATURE PAGE**

**Borrower**
Finlinson Land and Livestock, LLC

By: *Matthew C Finlinson*
Matthew C. Finlinson, Managing Member

By: *Heber J. Finlinson*
Heber J. Finlinson, Managing Member

State of *Utah*
County of *Millard*

Before me, *Sarah Kimball* on this day personally appeared *Matthew C. Finlinson and Heber J. Finlinson* known to me to be the person whose name is subscribed to the foregoing instrument, and known to me to be the *Managers* of Finlinson Land and Livestock, LLC, and acknowledged to me that he/she executed said instrument for the purposes and consideration therein expressed, and as the act of said company.

Given under my hand and seal of office this *8th* day of *October*, 2018.

[SEAL] Notary Public - State of Utah
SARAH KIMBALL
Commission #690237
My Commission Expires
September 4, 2020

*S Kimball*
Notary Public
My commission Expires: *09/04/20*

DOC # 00406627
Agreements B: 0744 P: 1041
Carolyn M. Bagley Sevier County Recorder Page 7 of 14
10/10/2018 11:52:22 AMFee $57.00By FIRST AMERICAN TITL

# Exhibit "A"

**MILLARD COUNTY:**

PARCEL 1: (MA-2565)
THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER AND THE SOUTH HALF OF THE SOUTHEAST QUARTER AND THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 33, TOWNSHIP 15 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.
LESS 1 SQUARE FOOT IN THE SOUTHEAST CORNER OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER AND LESS 1 SQUARE FOOT IN THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SECTION 33.
LESS BEGINNING NORTH 804 FEET AND EAST 2694 FEET FROM THE SOUTHWEST CORNER OF SAID SECTION 33; THENCE NORTH 100 FEET; THENCE EAST 100 FEET; THENCE SOUTH 100 FEET; THENCE WEST 100 FEET TO THE POINT BEGINNING.
LESS BEGINNING AT THE NORTHWEST CORNER OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 33; THENCE EAST 1200 FEET; THENCE SOUTH 33 FEET; THENCE WEST 1200 FEET; THENCE NORTH 33 FEET TO THE POINT OF BEGINNING.
LESS A 66 FOOT TRACT ALONG A CENTER LINE DESCRIBED AS FOLLOWS: BEGINNING EAST 1200 FEET FROM THE NORTHWEST CORNER OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 33; THENCE SOUTH 9°54' EAST 206 FEET; THENCE SOUTH 16°27' WEST 75 FEET; THENCE SOUTH 33°17' EAST 200 FEET MORE OR LESS.

PARCEL 2: (MA-3043)
THE EAST HALF OF THE SOUTHEAST QUARTER AND THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 4, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL 3: (MA-3047-1)
THE NORTH HALF OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 9, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 4:(3103-1)
THE NORTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 26, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 5: (DO-3105-1)
BEGINNING 1665 FEET NORTH OF SOUTH QUARTER CORNER OF SECTION 27, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN, THENCE NORTH 975 FEET; THENCE EAST 975 FEET; THENCE SOUTHWESTERLY 1378.9 FEET TO BEGINNING.

PARCEL NO. 6: (DO-3105-A)
THE SOUTH ONE-HALF OF THE NORTH ONE-HALF OF SECTION 27, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.
ALSO BEGINNING AT THE WEST QUARTER CORNER OF SAID SECTION 27, THENCE SOUTH 2640 FEET; THENCE EAST 975 FEET; THENCE NORTHEASTERLY 2354.7 FEET; THENCE NORTH 975 FEET; THENCE WEST 2640 FEET TO BEGINNING.
EXCEPTING THEREFROM A STRIP OF LAND 66 FEET WIDE TO RUN FROM AN EXISTING ROAD, THE CENTER LINE DESCRIBED AS FOLLOWS:
BEGINNING SOUTH 1577.4 FEET AND EAST 5102.5 FEET FROM A WITNESS CORNER TO THE NORTHWEST CORNER OF SAID SECTION 27; THENCE NORTH 36°04' WEST 213 FEET; THENCE NORTH 13°52' WEST 297 FEET.
EXCEPTING THEREFROM COMMENCING AT THE SOUTHWEST CORNER SECTION 27, TOWNSHIP 16

DOC # 00406627
Agreements B: 0744 P: 1042
Carolyn M. Bagley Sevier County Recorder Page 8 of 14
10/10/2018 11:52:22 AMFee $57.00By FIRST AMERICAN TITL

SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN, THENCE NORTH 89°23'09" EAST 975 FEET ALONG THE SECTION LINE TO THE TRUE POINT OF BEGINNING, THENCE SOUTH 45°01'59" WEST 138.43 FEET; THENCE NORTH 45°36'51" WEST 465.40 FEET; THENCE NORTH 44°23'09" EAST 466.96 FEET; THENCE SOUTH 45°36'51" EAST 466.96 FEET; THENCE SOUTH 44°23'09" WEST 328.54 FEET TO BEGINNING.

PARCEL NO. 7: (D-3105-2)
THAT PORTION OF SECTION 27, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN, MILLARD COUNTY, UTAH, MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHWEST CORNER OF SAID SECTION 27, THENCE NORTH 89°23'09" EAST 975.00 FEET; THENCE NORTH 44°23'09" EAST 1870.45 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING NORTH 44°23'09" EAST 519.95 FEET TO A POINT ON QUARTER SECTION LINE; THENCE SOUTH 00°36'51" EAST 853.91 FEET ALONG QUARTER SECTION LINE TO THE NORTHERLY RIGHT OF WAY LINE OF US HIGHWAY 6; THENCE SOUTH 48°29'12" WEST 200.00 FEET ALONG SAID RIGHT OF WAY LINE; THENCE NORTH 19°56'35" WEST 654.06 FEET TO THE POINT OF BEGINNING.

PARCEL NO. 8: (DO-3106) THE NORTHEAST QUARTER OF SECTION 28, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 9: (DO-3107-A-1)
THE NORTHWEST QUARTER OF SECTION 28, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.
EXCEPTING THEREFROM THE LAND LYING WITHIN THE UNION PACIFIC RAILROAD.

PARCEL NO. 10: (DO-3108)
THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER; THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER; THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER; AND THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 29, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.
EXCEPTING THEREFROM THE LAND LYING WITHIN THE UNION PACIFIC RAILROAD.

PARCEL NO. 11:(DO-3109)
THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 29, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 12: (DO-3109-A-1)
THAT PORTION OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER LYING NORTH AND WEST OF RAILROAD TRACT IN SECTION 29, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 13: (DO-3109-A-2)
THAT PORTION OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER LYING EAST OF UNION PACIFIC RAILROAD TRACT IN SECTION 29, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.
ALSO ALL THE LAND BETWEEN UNION PACIFIC RAILROAD TRACT AND DELTA-MELVILLE CANAL "A" IN THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER IN SECTION 29, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 14: (DO-3109-A-2-1)
ALL THE LAND BETWEEN UNION PACIFIC RAILROAD TRACT AND THE DELTA-MELVILLE CANAL "A" IN THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER AND IN THE SOUTH ONE-HALF OF THE SOUTHWEST QUARTER OF SECTION 29, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE

BASE AND MERIDIAN.

PARCEL NO. 15: (DO-3109-A-3)
THAT PORTION OF THE SOUTH ONE-HALF OF THE SOUTHWEST QUARTER LYING WEST OF THE UNION PACIFIC RAILROAD TRACT IN SECTION 29, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 16: (DO-3119-A-1)
ALL OF THE LAND BETWEEN THE DELTA-MELVILLE CANAL "A" AND THE UNION PACIFIC RAILROAD TRACT AND THE LAND WEST OF THE SAID RAILROAD TRACT IN THE NORTHWEST QUARTER OF SECTION 32, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 17: (MA-3098-A)
THE WEST HALF OF THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER AND THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER AND THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER AND THE EAST HALF OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 21, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 18: (DO-3104)
THE NORTH HALF OF THE NORTH HALF OF SECTION 27, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.
LESS: BEGINNING ON THE EAST RIVER BANK OF THE SEVIER RIVER AT A POINT WHICH IS SOUTH 918 FEET AND EAST 4806 FEET FROM A WITNESS CORNER TO THE NORTHWEST CORNER OF SAID SECTION 27; THENCE EAST 200 FEET; THENCE SOUTH 200 FEET; THENCE WEST 200 FEET; THENCE NORTH 200 FEET TO BEGINNING.
LESS: A STRIP OF LAND 66 FEET WIDE TO RUN FROM AN EXISTING ROAD, THE CENTER LINE DESCRIBED AS FOLLOWS: BEGINNING SOUTH 1577.4 FEET AND EAST 5102.5 FEET FROM A WITNESS CORNER TO THE NORTHWEST CORNER OF SAID SECTION 27; THENCE NORTH 36°04' WEST 213 FEET; THENCE NORTH 13°52' WEST 297 FEET TO A POINT OF INTERSECTION WITH THE ABOVE DESCRIBED PARCEL.

PARCEL NO. 19: (MA-3065-A)
THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER AND THE WEST HALF OF THE SOUTHEAST QUARTER AND THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.
EXCEPTING THEREFROM THAT PORTION LYING WITHIN THE BOUNDARIES OF THE SEVIER RIVER RIGHT OF WAY.

PARCEL NO. 20:(part of MA-3066-A)
THE EAST HALF OF THE NORTHWEST QUARTER AND THE WEST HALF OF THE NORTHEAST QUARTER OF SECTION 19, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.
LESS BEGINNING AT THE SOUTHWEST CORNER OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 19, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; RUNNING THENCE EAST ALONG THE QUARTER SECTION LINE TO THE CENTER OF THE SEVIER RIVER; RUNNING THENCE NORTH, NORTHWEST AND NORTHEAST ALONG THE CENTER LINE OF SAID SEVIER RIVER TO THE NORTH SECTION LINE OF SECTION 19, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN AND THE SOUTH SECTION LINE OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; RUNNING THENCE WEST ALONG SAID SECTION LINE OF SAID SECTION 19 AND 18 TO THE NORTHWEST CORNER OF THE

EAST HALF OF THE NORTHWEST QUARTER OF SECTION 19, TOWNSHIP 16, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; RUNNING THENCE SOUTH ALONG THE WEST LINE OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 19, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN TO THE POINT OF BEGINNING.
EXCEPTING THEREFROM THAT PORTION LYING WITHIN THE BOUNDARIES OF THE SEVIER RIVER RIGHT OF WAY.

PARCEL NO. 21:(MA-3066)
THE EAST HALF OF THE SOUTHWEST QUARTER AND THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER AND THE EAST HALF OF THE SOUTHEAST QUARTER OF SECTION 19, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.
EXCEPTING THEREFROM THAT PORTION LYING WITHIN THE BOUNDARIES OF THE SEVIER RIVER RIGHT OF WAY.

PARCEL NO. 22: (3081-1)
THE NORTHEAST QUARTER AND THE EAST HALF OF THE NORTHWEST QUARTER AND LOTS 1 AND 2 OF SECTION 30, TOWNSHIP 16 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 23: (MA-3099)
THE SOUTH HALF OF THE SOUTHEAST QUARTER OF SECTION 24, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 24: (3100)
THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER AND THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 25, TOWNSHIP 16 SOUTH, RANGE 6 WEST, SALT LAKE BASE AND MERIDIAN.
EXCEPTING THEREFROM THAT PORTION LYING WITHIN THE BOUNDARIES OF THE SEVIER RIVER RIGHT OF WAY.

**JUAB COUNTY:**

PARCEL NO. 25: (XD00-4171)
ALL OF THE SOUTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 14, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 26: (XD00-4172)
BEGINNING AT THE NORTHWEST CORNER OF SECTION 15, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN, THENCE EAST 144 RODS, THENCE SOUTH 240 RODS, THENCE WEST 144 RODS, THENCE NORTH 240 RODS TO BEGINNING.

PARCEL NO. 27: (XD00-4173)
ALL OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 15, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 28:(XD00-4175)
ALL OF THE SOUTH HALF OF THE SOUTHEAST QUARTER AND THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 15, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 29: (XD00-4176-1)
BEGINNING AT THE SOUTHEAST CORNER OF SECTION 16, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN, THENCE WEST 27 RODS 20 LINKS TO THE EAST LINE OF THE RAILROAD RIGHT-OF-WAY, THENCE NORTH 45°25.5' WEST 215 RODS, MORE OR LESS,

FOLLOWING SAID RIGHT-OF-WAY LINE TO THE NORTH LINE OF THE SOUTHWEST QUARTER OF SAID SECTION 16, THENCE EAST 183 RODS 15 LINKS TO THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 16, THENCE SOUTH 160 RODS TO BEGINNING.

PARCEL NO. 30: (XD00-4183-1)
BEGINNING AT THE NORTHEAST CORNER OF SECTION 21, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN, THENCE SOUTH 28 RODS 20 LINKS ALONG THE SECTION LINE TO THE NORTH LINE OF THE RAILROAD RIGHT-OF-WAY, THENCE NORTH 45°27.5' WEST 39 RODS 10 LINKS ALONG SAID RIGHT-OF-WAY LINE TO THE SECTION LINE, THENCE EAST 27 RODS 20 LINKS TO BEGINNING.

PARCEL NO. 31: (XD00-4190-2)
THAT PORTION OF THE NORTH HALF OF THE SOUTHWEST QUARTER AND THE SOUTH HALF OF THE NORTHWEST QUARTER OF SECTION 22, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN, LYING NORTH OF THE NORTH LINE OF THE LOS ANGELES AND SALT LAKE RAILROAD RIGHT-OF-WAY.
PARCEL NO. 32: (XD00-4191)
THE SOUTH 100 ACRES OF THE NORTHEAST QUARTER AND THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 22, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 33: (XD00-4192)
THE NORTH 60 ACRES OF THE NORTHEAST QUARTER OF SECTION 22, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 34: (XD00-4193-1)
BEGINNING AT THE CENTER OF SECTION 22, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN, THENCE EAST 80 RODS TO THE NORTHEAST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 22, THENCE SOUTH 80 RODS TO THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF SAID SOUTHEAST QUARTER, THENCE EAST 80 RODS TO THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SOUTHEAST QUARTER, THENCE SOUTH 59 RODS 4 LINKS ALONG THE SECTION LINE TO THE NORTH LINE OF THE RAILROAD RIGHT-OF-WAY, THENCE NORTHWESTERLY 203 RODS, MORE OR LESS, FOLLOWING SAID RIGHT-OF-WAY LINE TO THE WEST LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 22, THENCE NORTH 28 RODS 11 LINKS TO BEGINNING.

PARCEL NO. 35: (XD00-4195-1)
BEGINNING AT THE NORTHWEST CORNER OF SECTION 22, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN, THENCE EAST 160 RODS TO THE NORTHEAST CORNER OF THE NORTHWEST QUARTER OF SAID SECTION 22, THENCE SOUTH 80 RODS TO THE SOUTHEAST CORNER OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SAID SECTION 22, THENCE WEST 104 RODS 4 LINKS ALONG THE SIXTEENTH LINE TO THE NORTH LINE OF THE RAILROAD RIGHT-OF-WAY, THENCE NORTH 45°27'30" WEST 78 RODS 20 LINKS, MORE OR LESS, TO THE WEST LINE OF SECTION 22, THENCE NORTH 28 RODS 20 LINKS TO BEGINNING.

PARCEL NO. 36: (XD00-4198)
THE NORTH 30 ACRES OF THE NORTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 23, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 37: (XD00-4199)
THE SOUTH 50 ACRES OF THE WEST HALF OF THE NORTHWEST QUARTER AND THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 15 SOUTH, RANGE 2 WEST SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 38: (XD00-4200-1)
BEGINNING AT THE SOUTHEAST CORNER OF SECTION 23, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN, THENCE NORTH 1987 FEET, THENCE NORTH 87° WEST 3769 FEET, THENCE SOUTH 834 FEET, THENCE SOUTH 83° WEST 200 FEET TO THE WEST SIXTEENTH LINE, THENCE SOUTH 1341 FEET TO THE SOUTHWEST CORNER OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 23, THENCE EAST 3960 FEET TO BEGINNING.

PARCEL NO. 39: (XD00-4201-1)
BEGINNING AT THE NORTHWEST CORNER OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 23, TOWNSHIP 15 SOUTH, RANGE 2 WEST, SALT LAKE BASE AND MERIDIAN, THENCE SOUTH 59 RODS 4 LINKS ALONG THE SECTION LINE TO THE NORTH LINE OF THE RAILROAD RIGHT-OF-WAY, THENCE SOUTH 67°59'30" EAST 53 RODS 23 LINKS, MORE OR LESS, TO THE SOUTH LINE OF SAID SECTION 23, THENCE EAST 30 RODS, MORE OR LESS, TO THE SOUTHEAST CORNER OF THE SOUTHWEST QUARTER OF SAID SOUTHWEST QUARTER, THENCE NORTH 80 RODS TO THE NORTHEAST CORNER OF THE SOUTHWEST QUARTER OF SAID SOUTHWEST QUARTER, THENCE WEST 80 RODS TO BEGINNING.

**SEVIER COUNTY:**

PARCEL NO. 40: (5-73-4)
THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.
LESS: BEGINNING AT THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; THENCE NORTH TO FENCE; THENCE WEST TO ROAD; THENCE SOUTH TO "40" LINE; THENCE EAST TO BEGINNING.

PARCEL NO. 41: (5-73-5)
BEGINNING AT THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; THENCE NORTH TO THE FENCE; THENCE WEST TO ROAD; THENCE SOUTH TO "40" LINE; THENCE EAST TO BEGINNING.

PARCEL NO. 42: (5-74-3)
BEGINNING 2.30 CHAINS WEST OF THE NORTHEAST CORNER OF SECTION 15, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; THENCE SOUTH 5°10' WEST 2.37 CHAINS; THENCE SOUTH 14° EAST 6.05 CHAINS; THENCE SOUTH 54°35' WEST 7.93 CHAINS; THENCE SOUTH 56°14' EAST 4.78 CHAINS; THENCE SOUTH 2° WEST 4.70 CHAINS; THENCE WEST 36.75 CHAINS; THENCE NORTH 20 CHAINS; THENCE EAST 37.70 CHAINS TO BEGINNING.
LESS: A PARCEL OF LAND LOCATED IN THE NORTHEAST QUARTER OF SECTION 15, TOWNSHIP 25 SOUTH, RANGE 5 WEST BEING FURTHER DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN AN EXISTING FENCE THAT IS NORTH 70 FEET FROM THE NORTH GATE FENCEPOST, SAID POINT BEING SOUTH 377 FEET FROM THE NORTH QUARTER CORNER OF SAID SECTION 15; THENCE SOUTH ALONG SAID FENCE AND EXTENSION THEREOF 954 FEET TO THE EXTENSION OF A FENCE TO THE EAST; THENCE EAST ALONG SAID FENCE 1340 FEET TO FENCE TO THE NORTH; THENCE NORTH ALONG SAID FENCE 460 FEET; THENCE EAST 157 FEET TO A FENCE CORNER; THENCE NORTHWESTERLY 1245 FEET TO THE POINT OF BEGINNING CONTAINING 20 ACRES MORE OR LESS.

PARCEL NO. 43: (5-73-7)
BEGINNING AT THE NORTHWEST CORNER OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; THENCE

EAST 45.70 CHAINS; THENCE SOUTH 35°55' WEST 3.50 CHAINS; THENCE SOUTH 25° WEST 8.38 CHAINS; THENCE SOUTH 25° WEST 2.66 CHAINS; THENCE SOUTH 5°10' WEST 7.50 CHAINS; THENCE WEST 37.70 CHAINS; THENCE NORTH 20 CHAINS TO BEGINNING.

PARCEL NO. 44: (5-73-6)
BEGINNING AT THE SOUTHEAST CORNER OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; THENCE WEST 20 CHAINS; THENCE NORTH 7.80 CHAINS; THENCE EAST 20 CHAINS; THENCE SOUTH 7.80 CHAINS TO BEGINNING.

PARCEL NO. 45: (5-73-3)
THE WEST HALF OF THE NORTHEAST QUARTER AND THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER AND THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 10, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.
ALSO: BEGINNING AT THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; THENCE WEST 20 CHAINS; THENCE SOUTH 12.20 CHAINS; THENCE EAST 20 CHAINS; THENCE NORTH 12.20 CHAINS TO BEGINNING.

PARCEL NO. 46: (5-72-7)
BEGINNING 10 CHAINS WEST OF THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 11, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; THENCE WEST 10 CHAINS; THENCE NORTH 7.80 CHAINS; THENCE EAST 10 CHAINS; THENCE SOUTH 7.80 CHAINS TO BEGINNING.

PARCEL NO. 47: (5-72-6)
BEGINNING 10 CHAINS WEST AND 7.80 CHAINS NORTH OF THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 11, TOWNSHIP 25 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN; THENCE NORTH 32.20 CHAINS; THENCE WEST 10 CHAINS; THENCE SOUTH 32.20 CHAINS; THENCE EAST 10 CHAINS TO BEGINNING.

PARCEL NO. 48: (4-337-1)
THE WEST HALF OF THE NORTHWEST QUARTER AND THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER AND THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER AND THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 35, TOWNSHIP 24 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

PARCEL NO. 49: (4-336-2)
THE SOUTH HALF OF THE NORTHEAST QUARTER AND THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER AND THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 34, TOWNSHIP 24 SOUTH, RANGE 5 WEST, SALT LAKE BASE AND MERIDIAN.

DOC # 00406627
Agreements B: 0744 P: 1048
Carolyn M. Bagley Sevier County Recorder Page 14 of 14
10/10/2018 11:52:22 AMFee $57.00By FIRST AMERICAN TITL